MICHAEL J. LEAMY, CECELIA MATTHEWS, ANDREW FITZSIMMONS, and ELIZABETH P. KEENA,

*vs.*

SINALOA EXPLORATION AND DEVELOPMENT COMPANY, JAMES DRURY, WILLIAM T. BARRY, ALBERT E. LISTER, JOHN T. BRADLEY and ANNA O'KEEFE.

*Kent, August 3, 1925.*

*James H. Hughes*, for petitioners.

*Herbert H. Ward*, of the firm of Ward, Gray and Ward, and *Paul Jones*, of the New York City Bar, for defendants.

THE CHANCELLOR. The petition in this case seeks to review an alleged election of the individual defendants as directors of Sinaloa Exploration and Development Company, to declare the individual defendants not to have been elected directors at a certain stockholders' meeting, which was attempted to be held on November 17, 1924, and to secure an order for the holding of another stockholders' meeting by a master to be appointed by this court for the purpose of electing directors of the defendant corporation.

The petitioners make two contentions. The first has to do with alleged illegality of the meeting based on failure to give notice thereof to the stockholders. The view I take of the second contention renders it unnecessary to consider this one.

The question presented by the second contention is narrowed to the inquiry of whether a quorum of stockholders was present at the meeting. The outstanding shares of stock of the corporation number 9,754. Under the by-laws of the corporation a majority of this number, or 4,788, constitutes a quorum for the purpose of electing directors. The petitioners contend that no quorum was present at the alleged meeting. The defendants contend that an amount more than necessary to constitute a quorum was present. There was no call of stockholders for the purpose of ascertaining the presence of a quorum. The testimony shows that only 4,005 shares of stock were voted. If the recorded vote alone is considered, it is apparent there were 783 shares short of a quorum. Though these shares were not voted, the defendants contend they were present and should be counted to make a quorum. A study of the evidence discloses that 783 shares in addition to those voted were not present. One witness, Feely, testifies that he was present with proxies representing 652 shares, which he did not vote. Granting that the 652 shares for which Feely held proxies may properly be counted as present for the purpose of a quorum, yet it would still be necessary to find 131 more shares present in order to bring the total up to the amount requisite for a quorum. The evidence by which it is sought to show 131 shares more present fails completely to do so.

The defendants attempt to make up the 131 shares by attributing something like 400 shares to Thomas K. Corless. They attribute this number of shares to Corless because he is reported to have stated at the meeting that he represented that number of shares. He, however, never produced any proxies. Furthermore, Corless himself testified and denied that he had any such number. The outside estimate of the number of shares stated to be represented by him is stated to be less than 110. I do not think, however, it is permissible to count Corless as present representing any number of shares. This is principally for the reason that he was there present solely in order to protest against the legality of the meeting, taking the consistent position at all times that the meeting was being illegally held. So presistent was he in objecting to the legality of the meeting that he was ejected before any votes were received. Under the circumstances I think no shares can be counted as present and represented by Corless.

The defendants seek to locate other shares as present by the testimony of two witnesses who appeared on the stand. These witnesses testify that they moved around amongst the many people present and learned from them that they were stockholders of the corporation. What their names were and what number of shares they respectively held, no one has assumed to say. Some of them at least were asked to write their names on pieces of paper with a notation of the number of shares of stock held by them, and they all refused to do so. How many persons were so interviewed, whether they were as a matter of fact stockholders, and if so in what amount, is left to mere guess and speculation. To count such persons as stockholders present at a meeting representing any number of shares seems to me to be thoroughly unjustified. I think it, therefore, proper to conclude that they should be counted as representing no shares whatever. The announcement of the the secretary of the meeting that in addition to those shares which were voted there were present some 1,200 shares is of no weight. There was no roll call nor deposit of proxies upon which to base it. It was based upon some such speculative estimate as above indicated.

There were other persons present who appeared as witnesses at the hearing and who testified that they owned ninty odd shares. They never voted, nor did they have themselves recorded as present. Granting that their shares might be counted for quorum purposes, there yet remained a deficiency. And as to thirty-three of them, the holder was present, like Corless, to protest against the legality of the meeting. Whatever might be said with respect to the rest of the ninty odd shares, these were not present as participating in the meeting.

The foregoing is the substance of all the testimony upon the question of a quorum. My view of it being as above indicated, it follows no quorum was present, and that the directors alleged to have been elected were not so elected.

Let an order be prepared declaring the individual defendants not to have been elected directors at the meeting of November 17, 1924, and directing a new meeting to be held by a master to be appointed with the usual powers.

NOTE.—On appeal the Chancellor's decree was affirmed without written opinion by the Supreme Court.